Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 4187 | **DATE** | 1/10/2005 |
| **CASE TITLE** | Schad vs. Z-Tel Communications, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER ORDER. For the reasons set forth in the attached memorandum opinion and order, Plaintiff's motion to remand [3-1] is granted. This case is hereby terminated.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | DEC 12 2005 | |
| | Notified counsel by telephone. | | date docketed | |
| X | Docketing to mail notices. | | | 9 |
| X | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | RC | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SUSAN SCHAD, on behalf of herself and all others similarly situated, ) ) ) Plaintiff, ) ) v. ) ) Z-TEL COMMUNICATIONS, INC., ) ) Defendant. ) | Case No. 04 C 4187<br><br>Judge Joan B. Gottschall |

## MEMORANDUM OPINION AND ORDER

Before this court is plaintiff Susan Schad's motion to remand the present case to the Circuit Court of Cook County, Illinois. For the reasons set forth herein, Schad's motion is granted.

### I. BACKGROUND

Defendant Z-Tel Communications, Inc. ("Z-Tel") provides telecommunications services for businesses and individuals. Beginning in October 2002, Susan Schad, a resident of Cook County, Illinois, subscribed to Z-Tel's local and long-distance telephone services. On May 13, 2004, Schad filed a putative class action against Z-Tel in Illinois state court, *Schad v. Z-Tel Communications Inc.*, No. 04 CH 07882 (Cir. Ct. Cook Cty. 2004), alleging that Z-Tel overcharged its customers for telecommunications services by deceptively labeling various line-item charges appearing on its phone bills as being government-mandated when they were not. Specifically, Schad alleges that Z-Tel deceptively billed her and others by means of the following line-item charges: an "E911 Tax," a "Utility Users Tax," a "Communications Service Tax," an "Interstate Recovery Fee" and a "Federal Regulatory Compliance Fee." Schad's state court complaint pled one cause of action, violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, *et seq.*

Z-Tel subsequently removed the action to this court, claiming that Schad's fraud claim is

-1-

actually a direct challenge to Z-Tel's rates (a federal claim), and that even on its face the claim is preempted by the Federal Communications Act ("FCA"), 47 U.S.C. § 151 *et seq.*, regulations promulgated under the FCA and accompanying federal common law. Z-Tel also maintains that even if Schad's complaint states a non-preempted state law claim, her complaint would require the court to adjudicate substantial questions of federal law, making supplemental jurisdiction over the state law claim appropriate under 28 U.S.C. § 1367(a). Schad responds that her complaint sounds only in state law and has not been preempted, and asks this court to remand her case to the Circuit Court of Cook County and award her attorneys fees and costs arising out of Z-Tel's alleged wrongful removal pursuant to 28 U.S.C. § 1447(c).

## II. ANALYSIS

28 U.S.C. § 1441 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Removal in this case is proper if the court has "federal question" jurisdiction, meaning that the case "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The party seeking removal carries the burden of establishing jurisdiction. *Shaw v. Dow Brands, Inc.*, 994 F.3d 364, 366 (7th Cir. 1993). When deciding whether a case warrants removal, trial courts should presume that the plaintiff chose a valid and proper forum and resolve all doubts about jurisdiction in favor of remand. *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993).

### A. Complete Preemption.

Z-Tel first argues that Schad's claim is a direct challenge to Z-Tel's rates that is completely

preempted by federal law.[1] Removal of a case on the basis of federal question jurisdiction is appropriate "only when the plaintiff's well-pleaded complaint raises issues of federal law." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). In most cases, a plaintiff may avoid the federal court by choosing to plead only state law claims. *Bastien v. AT&T Wireless Services, Inc.*, 205 F.3d 983, 986 (7th Cir. 2000). Although a defendant may raise federal preemption as defense to a state law action, it is usually not a proper basis for removal from state court. *Taylor*, 481 U.S. at 63.

In certain "extraordinary" cases, however, courts have found that Congress intended to provide an exclusive federal remedy for a particular claim, thus converting "an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Id.* at 65. The Seventh Circuit has held that Sections 201(b) and 202(a) of the FCA demonstrate congressional intent to preempt state law claims relating to rates and terms and conditions of long distance telecommunications service. *Boomer v. AT&T Corp.*, 309 F.3d 404, 418 (7th Cir. 2002). Section 201(b) of the FCA provides:

> All charges, practices, classifications, and regulations for and in connection with such communication service, shall be just and reasonable, and any such charge, practice, classification or regulation that is unjust or unreasonable is declared to be unlawful.

47 U.S.C. § 201(b). Section 202(a) states:

> It shall be unlawful for any common carrier to make any unjust or unreasonable discrimination in charges, practices, classifications, regulations, facilities, or services

---

[1] Z-Tel's Notice of Removal also asserts that Schad's complaint is merely an "artfully pled" federal claim. The artful pleading doctrine is an "independent corollary" to the well-pleaded complaint rule that prohibits a plaintiff from framing an action under state law while omitting federal questions that are essential to recovery. *Franchise Tax Bd. v. Constr. Laborers Trust*, 463 U.S. 1, 22 (1983). Z-Tel appears to have abandoned this argument in its opposition to Schad's motion to remand. Accordingly, this court will not discuss Z-Tel's artful pleading claim except to note that it addresses the sufficiency of Schad's state law claim below.

> for or in connection with like communication service, directly or indirectly, by any means or device, or to make or give any undue or unreasonable preference of advantage to any particular person, class of persons, or locality or to subject any particular person, class of persons, or locality to any undue or unreasonable prejudice or disadvantage.

47 U.S.C. § 202(a). Although the Seventh Circuit recognizes a potential role for state law in actions against long distance carriers, state law "cannot operate to invalidate the rates, terms or conditions of a long-distance service contract." *Id.* at 424.

In the similar context of wireless telecommunications services, the Seventh Circuit has found that challenges to wireless telecommunications rates are completely preempted and upheld denial of remand of state law fraud claims against wireless service providers that were determined to be rate challenges. *Bastien*, 205 F.3d at 987. Z-Tel cites two cases in this district denying remand to Illinois state court for similar billing fraud claims against wireless service providers. *See Franczyk v. Cingular Wireless, LLC*, No. 03 C 6473, 2004 WL 178395 (N.D. Ill. Jan. 21, 2004) (ICFA claim regarding a "Regulatory Cost Recovery Fee" line-item on a bill); *Alport v. Sprint Corp.*, No. 03 C 6246, 2003 WL 22872134 (N.D. Ill. Dec. 3, 2003) (ICFA challenge to "Federal E911" line item). Z-Tel maintains that Schad's challenge to Z-Tel's line-item charges, like those in *Franczyk* and *Alport*, should be characterized as a rate challenge and therefore preempted.

Although the reasoning in *Franczyk* and *Alport* appears to support the denial of remand in this case, subsequent case law developments militate against a finding of complete preemption. First, after these cases were decided, the Seventh Circuit clarified its holding in *Bastien*. In *Fedor v. Cingular Wireless Corp.*, 355 F.3d 1069 (7th Cir. 2004), the Seventh Circuit rejected the argument that "any claims related to the billing amount are automatically preempted." *Fedor*, 355 F.3d at 1074. Rather, courts "must examine whether the claims require the state court to assess the reasonableness of the rates charged, or impact market entry." *Id.* At issue in *Fedor* were state law

claims which alleged that wireless telecommunications provider Cingular had inappropriately attributed calls made in one billing period to a different billing period. *Id.* The *Fedor* court concluded that the claims would require the state law court to refer to the rates charged, but would not require the court to assess the reasonableness of the rates. *Id. Fedor* relied in part on the Sixth Circuit's decision in *Long Distance Telecommunications Litig.*, 831 F.2d 627 (6th Cir. 1987), which held that state law fraud claims against long-distance telephone companies for failing to inform customers of the practice of billing for uncompleted calls were not preempted. *Id.* at 1072.

Second, after the parties finished briefing the present remand motion, *Franczyk* and *Alport* were ordered remanded to Illinois state court as part of a set of cases transferred to the Judicial Panel on Multidistrict Litigation. *See, generally, In re Wireless Telephone Federal Cost Recovery Fees Litigation*, MDL 1559, --- F. Supp. 2d ---, 2004 WL 2496052 (W.D. Mo. 2004). The MDL transferee court specifically considered the facts of *Franczyk* and *Alport* under Seventh Circuit law in light of *Fedor*, and found that the plaintiffs in those cases were not challenging the reasonableness of the disputed fees, but rather the defendants' description and placement of fees on their bills. *Id.* at *11. Accordingly, that court held that the line-item disputes in *Franczyk* and *Alport* were not rate challenges warranting preemption. *Id.*

Z-Tel responds that *Fedor* is distinguishable in that wireless telecommunications providers are exempt from certain provisions of Federal Communications Commission ("FCC") truth-in-billing requirements generally applicable to common carriers. *See* 47 C.F.R. §§ 64.2400, 64.2401. However, the FCC appears to have made clear that at least some federal truth-in-billing requirements are applicable to both wireline and wireless carriers. *In re Truth in Billing Format*, 14 F.C.C.R. 7492, ¶ 13 (1999) ("We believe that the broad principles we adopt to promote truth-in-billing should apply to all telecommunications carriers, both wireline and wireless .... Like wireline carriers,

wireless carriers also should be fair, clear, and truthful in their billing practices.") Moreover, as Z-Tel concedes, the very regulation it cites contemplates overlapping state regulation of billing practices, *see* 47 C.F.R. § 64.2400(c), undermining Z-Tel's argument that Congress intended to provide an exclusive federal remedy for Schad's claim.

This court finds the reasoning underlying the MDL transferee court's remand of *Franczyk* and *Alport* to Illinois state court to be persuasive here, particularly in light of the deference that must be accorded a plaintiff's choice of forum and the showing of clear congressional intent that must be made prior to a finding of complete preemption. Accordingly, the court concludes that the complete preemption doctrine cannot support removal of Schad's state law claim to federal court.

### B. Substantial Federal Question.

Z-Tel also maintains that this court also has jurisdiction under 28 U.S.C. § 1331 based on the substantial federal question doctrine. Under this doctrine, federal jurisdiction can exist even where a state law creates the cause of action when a well-pleaded complaint necessarily "requires resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Trust*, 463 U.S. 1, 13 (1983). Z-Tel maintains that resolving the question of the validity of the descriptions given to its line-item charges will necessarily implicate federal law, citing FCC truth-in-billing requirements governing descriptions of charges on bills from common carriers. *See* 47 C.F.R. §§ 64.2400, 64.2401. In addition, Z-Tel argues that certain of its charges, including the disputed "Interstate Recovery Fee," have been authorized by FCC order. *See Report and Order and Second Further Notice of Proposed Rulemaking*, CC Docket No. 98-170, FCC 02-329, 17 FCC Rcd 24952, ¶¶ 2, 54-55 (rel. Dec. 13, 2002). Therefore, according to Z-Tel, Schad's fraud claim on its face will require the interpretation of rules set forth by the FCC, necessitating the resolution of a substantial federal question.

Z-Tel's argument must fail. As an initial matter, the court notes that the substantial federal question doctrine has been criticized as ambiguous and therefore "should be applied with caution." *See, e.g., Almond v. Capital Properties. Inc.*, 212 F.3d 20, 24 (1st Cir. 2000) ("The Supreme Court has periodically affirmed this basis for jurisdiction in the abstract ..., occasionally cast doubt upon it, rarely applied it in practice, and left the very scope of the concept unclear. Perhaps the best one can say is that this basis endures in principle but should be applied with caution and various qualifications."). Additionally, as the Supreme Court has made clear, federal jurisdiction cannot be based on a federal defense, including a preemption defense, with the limited exception of the conversion of a state law claim to a federal claim via the complete preemption doctrine. *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475-76 (1998). As noted above, Schad's state law fraud claim is not completely preempted, and it does not appear that Schad's claim on its face, as opposed to Z-Tel's affirmative defenses, would require the resolution of a substantial federal question. *See, e.g., Smith v. GTE Corp.*, 236 F.3d 1292, 1310-11 (11th Cir. 2001) (preemption defense in case involving state law fraud claims against telecommunications service provider does not demonstrate that any "substantial question of federal law" is necessary for plaintiffs to obtain requested relief); *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 2004 WL 2496052 at *12-13 (state law claims that providers of telephone services misrepresented nature of charges assessed to cover expenses of federally mandated activities not subject to removal on substantial federal question grounds). Z-Tel, therefore, also may not rely on the substantial federal question doctrine to support its notice of removal.

### C. Supplemental Jurisdiction.

Because this court does not have original jurisdiction over any federal claims in this case, there is no basis for the exercise of supplemental jurisdiction. *See* 28 U.S.C. §1367(a).

### D. Costs and Attorneys Fees.

Schad seeks costs and attorneys fees pursuant to 28 U.S.C. § 1447(c). An award of costs and fees under Section 1447 is discretionary. Based on the above analysis, it appears that Z-Tel's arguments were not frivolous and were made in good faith. Accordingly, each party is responsible for its own costs incurred in bringing and answering this motion.

### III. CONCLUSION

For the foregoing reasons, plaintiff's motion to remand the present case to the Circuit Court of Cook County, Illinois is granted. Plaintiff's motion for costs and attorneys fees pursuant to 28 U.S.C. § 1447(c) is denied. This action is hereby terminated.

Enter: _____
JOAN B. GOTTSCHALL
United States District Judge

Date: January 10, 2005